THE NEW ORLEANS GAS LIGHT AND BANKING COMPANY *v.* CAMILLA
C. BUIE and another.

The certificate of a notary that the parties to an inland bill of exchange, protested for non-payment, were notified of the protest on the day that it was made, by notices to the drawer and endorsers, enclosed in a letter put in the mail and directed to the last endorser, is insufficient to prove notice under the act of 13th March, 1837.

Action by the holders against the endorsers of an inland bill of exchange, protested for non-payment. Plaintiffs received the protested bill two or three days after protest, but no notice was given to the endorsers. Several days after, plaintiffs received by mail, under cover from the notary, notices addressed to the endorsers, and on the next day they put them into the post-office. It was not shown that the notices were correctly addressed to the domicils of the endorsers: *Held,* that there must be judgment as in case of nonsuit.

APPEAL from the District Court of Catahoula, *Willson,* J.

BULLARD, J. This is an action upon an inland bill of exchange, against the drawer and endorsers, upon protest for non-payment. One of the endorsers is appellant from a judgment against him.

The defence is a want of due notice of the protest for non-payment.

The notary's certificate states, that the parties to the draft were notified of the protest " by letters to them by him written and addressed, dated on the day of said protest, and served on them respectively this day, in the manner following, to-wit: by enclosing those for the drawer and endorsers in the one for M. H. Dosson, Esq., cashier, which I directed to him at Harrisonburg, Louisiana, and depositing the same in the post office in this city, on the same day of this protest."

This certificate is clearly insufficient under the statute, to hold the endorser. It only remains to enquire whether the parol evidence, given on the trial, suffices for that purpose.

Dosson, the cashier, testified that he received the notices of protest, enclosed in one to him as endorser; that he served them immediately, by depositing them in the post office at Harrisonburg, directed to the endorsers at their domicil; that as to the notice to Tew, upon reflection, he was not certain how he served it; that his practice when the parties reside in town, is to serve them in person. He placed the notices in the post office the day after he received them. He received them enclosed to him officially. His own notice purported to be a notice of protest to him, as endorser of the draft sued on. He states further, in explanation of his former statement in saying it was two or three days from the date of the notary's certificate, that he meant it was after that time he received the *protested draft*. The *notices* were received four or five days after the date of the notary's certificate. The draft he received by steamboat, and the notices of protest by regular mail.

If, on the day following that on which the cashier was informed of the protest, by receiving the draft itself after the protest, he had given notice to the endorsers, by letters addressed to them at their respective places of residence or domicil, it might, perhaps, have been sufficient under the usage of merchants; but he waited several days until he received the notices prepared by the notary and enclosed to him by mail, and then put them into the post office at Harrisonburg. Nor does it appear that the letters were correctly addressed, the domicil of the appellant not being shown by the record, any further than as of the parish of Catahoula.

This case is analogous to that of *Carmena* v. *Doherty and others*, lately decided in the Eastern District; but different in some particulars. In that case the notices were received by the cashier at St. Francisville, and deposited immediately in the same post office. That notice was held insufficient, both under the statute and the commercial law.

It is, therefore, adjudged and decreed, that the judgment of

the District Court be reversed, and that ours be for the endorser, Grayson, as in case of a nonsuit, with costs of both courts.

*Phelps*, for the plaintiff.

*Garrett*, for the appellant.